### THE MARJORY BROWN.

(District Court, S. D. New York. February 2, 1905.)

SEAMEN—DEDUCTION FROM WAGES FOR ABSENCE FROM DUTY—EVIDENCE.

A deduction from the wages of a mate on a small schooner for time lost by reason of drunkenness *held* justified, although no entries of the occurrence were made in the log, as required by Rev. St. § 4597, as amended in 1898 (Act Dec. 21, c. 28, 30 Stat. 761 [U. S. Comp. St. 1901, p. 3115]), the court exercising the discretion given it by said section to receive other evidence.

In Admiralty. Suit by seaman for wages.

Richard D. Currier, for libellant.
Benedict & Benedict, for claimant.

ADAMS, District Judge. This action was brought by Frederick Hallgren against the schooner Marjory Brown to recover a balance of

wages alleged to be due as mate and said to amount to $11.80, with penalty for non-payment.

The defence is a denial that the libellant was discharged and it is alleged in the answer:

"* * * That while on said vessel on said voyage the libellant for a number of days was unfit and incompetent to perform his duties, and did not perform his duties as chief officer of said vessel by reason of drunkenness. That all he was entitled to receive as such chief officer as wages was the sum of Thirty-three Dollars and twenty cents, and no more. That on the arrival of said vessel in the port of New York the libellant was duly paid the sum of Thirty 20/100 Dollars, as being the balance in full of all amounts due him for wages, and for all claims whatever against said vessel, and duly gave a receipt therefor."

The testimony supports the allegations of the answer but it is claimed by the libellant that notwithstanding the facts of the case, he is entitled to recover because no entry of the occurrences was made in the log as required by law, referring to sections 4596 and 4597 of the Revised Statutes, as amended by the Act of December 21, 1898. The sections appear in 30 Stat. 760, 761, c. 28 [U. S. Comp. St. 1901, pp. 3113–3115]. The latter provides:

"Sec. 4597. Upon the commission of any of the offenses enumerated in the preceding section an entry thereof shall be made in the official log book on the day on which the offense was committed, and shall be signed by the master and by the mate or one of the crew; and the offender, if still in the vessel, shall, before her next arrival at any port, or, if she is at the time in port, before her departure therefrom, be furnished with a copy of such entry, and have the same read over distinctly and audibly to him, and may thereupon make such a reply thereto as he thinks fit; and a statement that a copy of the entry has been so furnished, or the same has been so read over, together with his reply, if any, made by the offender, shall likewise be entered and signed in the same manner. In any subsequent legal proceedings the entries hereinbefore required shall, if practicable, be produced or proved, and in default of such production or proof the court hearing the case may, at its discretion, refuse to receive evidence of the offense."

The libellant's contention is that the non-payment of the full wages was in the nature of a fine for the part unpaid and no authority can be found for the deduction in the Revised Statutes, especially as no log entries were made of the facts. The testimony showed that the schooner kept no log, as is often the case with small coasting vessels. Whether that was a violation of the law or not, the provisions of the statute leave it discretionary with the court to accept other evidence. On the trial, I exercised this discretion and became satisfied that the libellant did not have a meritorious cause of action. The claimant made a clear case of neglect of duty and of payment in New York of an amount which was sufficient to discharge the vessel's liability, after deducting an equitable sum for the time the libellant lost from duty owing to his bad habits. Moreover, after arrival in New York he was paid a sum of money and thereupon signed a receipt as follows, viz.:

"Receipt.

Received from Capt Thompson the sum of Thirty dollars & twenty cents as wages for my services as mate on board the schr Marjory Brown and for all claims whatever against said vessel and master.

New York April 19th 1904

($30 20/100

Witness

Chas. Splitter                                         Fred Hallgren."

The testimony shows that the receipt was signed with a full knowl-edge on the libellant's part that he was getting all that he was entitled to. This is not a case in which the statutes should be strained in favor of the libellant, although he was a subordinate officer.

Libel dismissed.